# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RAY EPPERSON, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 2:18-cv-01612-KOB |
| EVONIK CORPORATION, ] | |
| ] | |
| Defendant. ] | |

## **MEMORANDUM OPINION**

This Family and Medical Leave Act matter comes before the court on Defendant Evonik Corporation's "Motion for Judgment on the Pleadings as to the Amended Complaint and Incorporated Memorandum of Law." (Doc. 26).

Plaintiff Ray Epperson alleges that he requested medical leave under the FMLA from his employer, Evonik, and then took what he thought was his FMLA leave. But after Mr. Epperson took several days off, Evonik terminated his employment. Mr. Epperson contends that, by doing so, Evonik interfered with his FMLA rights and retaliated against him for engaging in activity protected by the FMLA.

Evonik moves the court to enter judgment in its favor on Mr. Epperson's claims under Rule 12(c) of the Federal Rules of Civil Procedure because, according to Evonik, the pleadings show that Mr. Epperson did not provide

1

medical certification from his doctor to support his application for FMLA leave. So Evonik asserts that Mr. Epperson was not entitled to FMLA protections and thus cannot state any claim for relief under the FMLA.

As further explained below, Mr. Epperson was not entitled to FMLA leave so the court will dismiss his interference claim. But the court will not dismiss his retaliation claim because he has sufficiently alleged that he engaged in statutorily protected activity, that a causal connection between the activity and his termination exists, and that Evonik's reason for terminating him is pretext for retaliation.

## I. STANDARD OF REVIEW

The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss. *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be plausible on its face, the complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And on a motion to dismiss, the court

accepts as true the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *Id.*

But not all allegations can defeat a motion to dismiss. "[L]abels and conclusions . . . will not do," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the court determines that the well-pled facts in the complaint, accepted as true, do not state a plausible claim to relief, the court must dismiss the claim. *Iqbal*, 556 U.S. at 678.

## II. FACTUAL BACKGROUND

Mr. Epperson worked as a chemical operator for Evonik in Birmingham, Alabama. In November 2017, a physician diagnosed Mr. Epperson with an atrial flutter and pneumonia. While in the hospital receiving treatment for his health issues, Mr. Epperson "called his supervisor multiple times to inform him that he was suffering from severe health complications and would not be returning to work until he fully recovered." (Doc. 23 at ¶ 11).

On November 17, 2017, Mr. Epperson requested FMLA leave from Evonik because he needed treatment for his medical conditions. Evonik notified Mr. Epperson that he had to complete the necessary FMLA application and "obtain a medical certification from his doctor." (Doc. 23 at ¶ 14).

Mr. Epperson collected the necessary FMLA paperwork from Evonik and delivered the medical certification form to his doctor. Mr. Epperson "was told that

the doctor would send it to [Evonik]," but he does not allege who told him that information. (Doc. 23 at ¶ 16).

Mr. Epperson asserts that he took the same steps—*i.e.*, he gave the medical certification form to his doctor and "believed that the doctor would send the certification directly to [Evonik]"—when he had successfully applied for FMLA leave from Evonik in 2014. (Doc. 23 at ¶ 18).

Evonik never received Mr. Epperson's medical certification form. Regardless, from November 17 to December 7, 2017, Mr. Epperson took several days off from work under what he thought was FMLA leave.

On December 8, 2017, Mr. Epperson received a letter from Evonik denying his request for FMLA leave. The letter informed Mr. Epperson that Evonik had not received his medical certification form. And though the letter informed Mr. Epperson that he could appeal the decision within 90 days, apparently the letter did not inform Mr. Epperson that he had an additional five days to submit his medical certification form.

Evonik terminated Mr. Epperson's employment on December 14, 2017. But, in Mr. Epperson's paperwork, Evonik documented that he "voluntarily resigned" from the company. (Doc. 23 at ¶ 23).

Mr. Epperson alleges that, by terminating him, Evonik interfered with his FMLA rights and retaliated against him for requesting FMLA leave in violation of

4

29 U.S.C. § 2615. In its motion for judgment on the pleadings, Evonik counters that Mr. Epperson cannot state any FMLA claim without first alleging that he is entitled to FMLA protection, which, according to Evonik, he failed to do because he did not provide medical certification as required by the FMLA. (Doc. 26).

The court next analyzes whether the facts alleged in the amended complaint state a plausible claim for relief under the FMLA.

## III. ANALYSIS

The FMLA provides two causes of action to protect employees' leave rights: (1) interference, "in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act"; and (2) retaliation, "in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). Mr. Epperson brings both claims.

### A. <u>Interference</u>

To state an interference claim under the FMLA, a plaintiff only needs to show that his employer denied him a benefit to which he was entitled under the FMLA. *Strickland*, 239 F.3d at 1207. Here, Mr. Epperson asserts that he was entitled to, and that Evonik denied him, the FMLA's benefit of medical leave for "a serious health condition that makes the employee unable to perform the

functions of [his job]." 29 U.S.C. § 2612(a)(1)(D).

The right to medical leave is subject to the employer's right to verify that its employee does, in fact, have a serious health condition. *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000). Before approving FMLA leave, an employer may require its employee to provide medical certification of his serious health condition from a doctor. 29 U.S.C. § 2613(a). If the employer requires medical certification, then "[t]he employee shall provide, in a timely manner, a copy of such certification to the employer." *Id*. If the employee fails to do so, then any leave he takes is not protected by the FMLA. *Cash*, 231 F.3d at 1307.

Here, Evonik instructed Mr. Epperson to submit a medical certification form from his doctor, but he never provided it to the company. Instead, Mr. Epperson gave the form to his doctor and expected his doctor to send it to Evonik; his doctor never did. So Mr. Epperson "did not provide [Evonik] with certification that [his] medical conditions met the statutory standard, and therefore the medical leave that [he] did take was not under the auspices of the FMLA." *Cash*, 231 F.3d at 1307; *see* 29 C.F.R. § 825.313(b) ("[A]n employer may deny FMLA coverage for the requested leave if the employee fails to provide a certification within 15 calendar days from receipt of the request for certification . . . . If the employee never produces the certification, the leave is not FMLA leave.").

Mr. Epperson contends that, according to 29 C.F.R. § 825.305(c), Evonik

6

should have notified him that it had not received his medical certification at some point before he received the company's letter on December 8, 2017, three weeks after he informed the company that he would take FMLA leave. The court disagrees.

Title 29 C.F.R. § 825.305(c) only requires an employer to notify an employee if his medical certification is "incomplete or insufficient." The regulation provides that a certification is incomplete "*if the employer receives a certification*, but one or more of the applicable entries have not been completed." 29 C.F.R. § 825.305(c) (emphasis added). And a certification is insufficient "*if the employer receives a complete certification*, but the information provided is vague, ambiguous, or non-responsive." *Id.* (emphasis added). So, the employer only has a duty to inform an employee about a *received*, yet deficient, certification. Evonik received no medical certification so the company had no duty to inform.

Mr. Epperson was not entitled to FMLA medical leave because he never submitted his medical certification form. So Mr. Epperson has not alleged that Evonik denied him a benefit to which he was entitled and the court will dismiss his interference claim.

**B.    Retaliation**

On the other hand, to state a retaliation claim based on a request for FMLA leave, a plaintiff does *not* have to show he was *entitled* to FMLA leave at the time

7

of the request. *See Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1276 (11th Cir. 2012) (explaining that the FMLA protects an employee's request for foreseeable FMLA leave even before the employee is eligible for or entitled to the leave). Instead, the plaintiff needs to show "he engaged in activity protected by the Act." *Strickland*, 239 F.3d at 1206. Here, Mr. Epperson alleges that he engaged in protected activity under the FMLA by requesting FMLA leave, and that Evonik terminated him in retaliation for him doing so.

Where, as here, "a plaintiff alleges an FMLA retaliation claim without direct evidence of the employer's retaliatory intent, [courts] apply the burden shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006). Pursuant to this framework, the plaintiff must first establish a prima facie case of retaliation by showing that "(1) he engaged in statutorily protected activity; (2) he experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action." *Id.*

Generally, a plaintiff can satisfy the first element of his prima facie case—the "statutorily protected activity" element—by alleging that he requested foreseeable FMLA leave and explained the potentially FMLA-qualifying reason for requesting leave to his employer. *See Pereda*, 666 F.3d at 1276; *Cruz v. Publix*

8

*Super Markets, Inc.*, 428 F.3d 1379, 1385–86 (11th Cir. 2005) (finding that the FMLA protects leave requests only if "the employer already knows that the employee has an FMLA-approved reason for leave" or if "the employee make[s] the employer aware that [his] absence is due to a potentially FMLA-qualifying reason."). A plaintiff can satisfy the second element of his prima facie case—the "adverse employment action" element—by alleging that his employer terminated him. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). And, generally, a plaintiff can satisfy the third element of his prima facie case—the "causal connection" element—by alleging a "close temporal proximity between the employee's protected conduct and the adverse employment action." *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).

If the plaintiff establishes a prima facie case, then the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the adverse employment action. *Hurlbert*, 439 F.3d at 1297. If the defendant does so, then the burden shifts back to the plaintiff to show that "the defendant's proffered reason for the adverse action is pretextual." *Id.* The plaintiff may succeed at this step by alleging facts that show "the reasons given by the employer were not the real reasons for the adverse employment decision." *Id.* at 1298 (quotations and citations omitted).

Here, Mr. Epperson has alleged a plausible prima facie case of retaliation as

his initial burden requires. By requesting foreseeable FMLA leave in good faith from Evonik and explaining that he required leave for his serious health issues, a potentially FMLA-qualifying reason, he engaged in statutorily protected activity. *See Pereda*, 666 F.3d at 1276; *Cruz*, 428 F.3d at 1385–86. He experienced an adverse employment action when Evonik terminated him. And the approximately 27 days between Mr. Epperson's leave request and his termination plausibly shows "close temporal proximity" between the two events, so a plausible causal connection exists to round out his prima facie case. *See Brungart*, 231 F.3d at 799.

Because Mr. Epperson has alleged a plausible prima facie case of retaliation, the burden now shifts to Evonik to articulate a legitimate non-discriminatory reason for terminating him. Evonik has satisfied its burden because it contends that it terminated Mr. Epperson only because he never submitted his medical certification for his leave and thus had no right to take the medical leave he took.

The burden now shifts back to Mr. Epperson to show that Evonik's articulated reason for terminating him—taking medical leave to which he was not entitled because of his failure to provide medical certification—is pretext for retaliation. Mr. Epperson alleges that Evonik's own documents show that Mr. Epperson left the company for a different and false reason; *i.e.*, that he voluntarily resigned. This allegation shows that Mr. Epperson's medical leave taken without medical certification was plausibly "not the real reason[] for the adverse

employment decision." *Hurlbert*, 439 F.3d at 1298.  So Mr. Epperson has sufficiently alleged pretext to survive Evonik's motion for judgment on the pleadings on his retaliation claim.

## IV. CONCLUSION

By separate order, the court will **GRANT IN PART** and **DENY IN PART** Evonik's motion for judgment on the pleadings.  The court will **DISMISS WITHOUT PREJUDICE** Mr. Epperson's FMLA interference claim, after which only his retaliation claim will remain.

**DONE** and **ORDERED** this 10th day of July, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE