UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAY EPPERSON,  ] | |
| ] | |
|     Plaintiff,  ] | |
| ] | |
| v.  ] | CIVIL ACTION NO. |
| ] | 2:18-cv-01612-KOB |
| EVONIK CORPORATION,  ] | |
| ] | |
|     Defendant.  ] | |

## MEMORANDUM OPINION

This FMLA matter comes before the court on Defendant Evonik Corporation's motion for the court to reconsider its memorandum opinion and order granting in part and denying in part Evonik's motion for judgment on the pleadings as to Plaintiff Ray Epperson's FMLA interference and retaliation claims. (Doc. 35). The court granted the motion for judgment on the pleadings as to the interference claim but denied the motion as to the retaliation claim.

Evonik asserts that the court committed two errors in denying the motion for judgment on the pleadings as to the FMLA retaliation claim. First, Evonik contends that the court committed a legal error by relying on *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (11th Cir. 2012), in finding that Mr. Epperson could pursue an FMLA retaliation claim even though he failed to state an FMLA interference claim. Second, Evonik contends that the court

1

committed a factual error by finding that Evonik gave inconsistent reasons for terminating Mr. Epperson which led to the court's erroneous legal decision that he plausibly alleged that Evonik's articulated reason for terminating him was pretext for retaliation. For the following reasons, the court will grant the motion to reconsider based on its factual error that led to an erroneous legal decision on the issue of pretext.

## I. STANDARD OF REVIEW

The court provides an "extraordinary remedy" when it reconsiders its order and so should grant reconsideration sparingly. *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). The court will reconsider an order in three situations: (1) "an intervening change in controlling law"; (2) "the availability of new evidence"; or (3) "the need to correct clear error or manifest injustice." *Wallace v. Holder*, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012) (quotation and citation omitted). And in no event may a party use a motion to reconsider to address "'[a]dditional facts and arguments that should have been raised in the first instance'" or "'to set forth new theories of law.'" *Id.* (first quoting *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002), then quoting *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)). Evonik moves the court to reconsider its memorandum opinion and order under the "need to correct clear error or manifest injustice" standard.

## II. BACKGROUND

In his amended complaint, Mr. Epperson alleges that he requested FMLA leave from his employer, Evonik, because of a serious medical need. Evonik instructed Mr. Epperson to provide medical certification from his doctor to support his request for FMLA leave. Mr. Epperson asked his doctor to provide the medical certification and then took several days off from work under what he thought was FMLA leave. But Evonik never received any medical certification from Mr. Epperson or his doctor.

When Mr. Epperson returned to work after several absences, Evonik informed him that it never received his medical certification, so the leave that Mr. Epperson took was not FMLA leave. Shortly after, Evonik terminated Mr. Epperson for those unexcused absences.

Mr. Epperson brought an interference claim and a retaliation claim against Evonik under the FMLA. He alleged that, by terminating him, Evonik interfered with his rights under the FMLA and retaliated against him for requesting FMLA leave in violation of 29 U.S.C. § 2615.

Evonik moved for judgment on the pleadings on both claims. The company asserted that Mr. Epperson could not state an interference or retaliation claim without first alleging that he was entitled to FMLA protection. According to Evonik, because Mr. Epperson never submitted his medical certification as

3

required by 29 U.S.C. § 2613(a), Mr. Epperson was not entitled to FMLA protection and thus could not state any FMLA claim.

The court agreed that Mr. Epperson failed to allege an FMLA interference claim. But, in its original memorandum opinion, the court disagreed with Evonik's argument that Mr. Epperson did not state an FMLA retaliation claim. In doing so, the court first differentiated an FMLA retaliation claim from an FMLA interreference claim:

> On the other hand, to state a retaliation claim based on a request for FMLA leave, a plaintiff does *not* have to show he was *entitled* to FMLA leave at the time of the request. *See Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1276 (11th Cir. 2012) (explaining that the FMLA protects an employee's request for foreseeable FMLA leave even before the employee is eligible for or entitled to the leave). Instead, the plaintiff needs to show "he engaged in activity protected by the Act." *Strickland*[ *v. Water Works & Sewer Bd. of City of Birmingham*], 239 F.3d [1199,] 1206 [(11th Cir. 2001)].

(Doc. 32 at 7–8) (emphasis in original). The court then found that Mr. Epperson engaged in activity protected by the FMLA by "requesting foreseeable FMLA leave in good faith from Evonik and explaining that he required leave for his serious health issues, a potentially FMLA-qualifying reason." (*Id.* at 10) (citing *Pereda*, 666 F.3d at 1276, and *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1385–86 (11th Cir. 2005)). And Mr. Epperson rounded out his plausible *prima facie* retaliation claim by alleging a close temporal proximity between his request for FMLA leave and his termination.

4

The burden then shifted to Evonik to articulate a legitimate non-retaliatory reason for terminating Mr. Epperson. Evonik satisfied this burden by asserting that it terminated Mr. Epperson for taking medical leave to which he was not entitled, resulting in several unexcused absences.

When the burden shifted back to Mr. Epperson to allege that Evonik's articulated reason for terminating him was plausibly pretext for retaliation, the court found that Mr. Epperson had sufficiently alleged pretext because "Evonik's own documents show that Mr. Epperson left the company for a different and false reason; *i.e.*, that he voluntarily resigned." (Doc. 32 at 10). So Mr. Epperson asserted that Evonik's articulated reason for terminating him was not the real reason for his termination and thus alleged pretext to survive the motion for judgment on the pleadings. The present motion to reconsider followed. The court then entered an order for Mr. Epperson to show cause why the court should not grant the motion to reconsider. The court discusses Mr. Epperson's response below.

## III. ANALYSIS

Evonik asserts that the court, in finding that Mr. Epperson could pursue an FMLA retaliation claim, misapplied *Pereda* and erroneously found that Mr. Epperson plausibly alleged pretext because of Evonik's supposedly inconsistent reasons for terminating him. The court addresses both arguments in turn.

1.  *Pereda*

The court turns first to Evonik's contention that the court misapplied *Pereda*.

In the court's memorandum opinion, and as stated above, the court found that *Pereda* establishes that, "to state a retaliation claim based on a request for FMLA leave, a plaintiff does *not* have to show he was *entitled* to FMLA leave at the time of the request." (Doc. 32 at 7–8) (emphasis in original) (citing *Pereda*, 666 F.3d at 1276). Evonik contends the court incorrectly interpreted *Pereda* because the plaintiff in that case who stated an actionable retaliation claim based on a request for foreseeable FMLA leave made a "'*pre-eligibility* request for *post-eligibility* maternity leave.'" (Doc. 35 at 3) (emphasis in original) (quoting *Pereda*, 666 F.3d at 1275). The court disagrees that it committed error regarding application of *Pereda*.

In *Pereda*, at the time that plaintiff requested FMLA maternity leave, she had not worked for her employer for at least 12 months and was thus not eligible for FMLA leave. *See* 29 U.S.C. § 2611(2)(A)(i) (defining an "eligible employee" as an employee who has been employed for at least 12 months). But her requested leave would begin after she had approximately 14 months of employment; at that point, she would be an eligible employee under the FMLA. And as Evonik notes, the Eleventh Circuit found that her pre-eligibility request for post-eligibility FMLA

6

leave could support a retaliation claim based on her request for FMLA leave. *Pereda*, 666 F.3d at 1276.

But, as the court stated in its memorandum opinion, the Eleventh Circuit also found that the FMLA protects employees from retaliation for requesting foreseeable FMLA leave even if the employee is not entitled to the FMLA leave at the time of the request. *See Pereda*, 666 F.3d at 1276 ("The FMLA also protects employees and prospective employees even if the individual is not currently eligible or entitled to leave.") (citing 29 C.F.R. § 825.220). So the court did not commit a legal error in finding that *Pereda* established that general proposition of law.

Also, the Eleventh Circuit found that the plaintiff in *Pereda* was not "entitled" to maternity leave at the time of her request—independent of whether she was "eligible" for the FMLA leave under the Act's 12-month requirement—because she had not yet experienced the "triggering event" of giving birth. *Pereda*, 666 F.3d at 1276. But the plaintiff's request could nevertheless support a retaliation claim because the Eleventh Circuit found, again, that "the FMLA protects Pereda from retaliation, even though at the time of her request and termination, she was not yet eligible or entitled to FMLA leave because she had not yet given birth." *Id.* Importantly, the anticipated "triggering event" in *Pereda*—that plaintiff's pregnancy—would not be a triggering event for her

7

*eligibility* under the FMLA's definition of an eligible employee; rather, her pregnancy would trigger her *entitlement* to FMLA leave. *Pereda*, 666 F.3d at 1272–73. In other words, her eventual entitlement was subject to her pregnancy, but she could nevertheless state a retaliation claim based on her request for foreseeable leave.

Similarly, Mr. Epperson's entitlement to FMLA medical leave was subject to his eventual compliance with his employer's request for medical certification. At the time he made his request for FMLA leave—which the court noted was reasonably foreseeable and made in good faith—he had not satisfied that condition. But, under *Pereda*, his request could nevertheless support a retaliation claim because he "'gave notice of expected FMLA leave,'" and though he made his request before he was entitled to leave, the FMLA protects employees "in the process of exercising their FMLA rights"; Mr. Epperson was in this process when he requested foreseeable medical leave in good faith. *See Pereda*, 666 F.3d at 1276 (first quoting *Potts v. Franklin Elec. Co.*, 2006 WL 2474964, at *1 (E.D. Okla. 2006)).

Also, the Eleventh Circuit in *Pereda* cited favorably to a Sixth Circuit case that supports the rule that a plaintiff can, as Mr. Epperson does here, state a *prima facie* retaliation claim under the FMLA based on a good faith request for foreseeable medical leave. *See Pereda*, 666 F.3d at 1276 n.8 (quoting *Skrjanc v.*

8

*Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001)) ("The right to actually take [FMLA] leave . . . includes the right to declare an intention to take such leave in the future."). Importantly, *Skrjanc* does not involve a pre-eligibility request for post-eligibility leave. Instead, *Skrjanc*, like this case, involves an eligible employee's request for foreseeable future medical leave.

In *Skrjanc*, the plaintiff there informed his employer in May that he would take medical leave for foot surgery and offered to commence the leave in the fall later that year. His employer terminated him one month later in June. The plaintiff, like Mr. Epperson here, asserted that his employer terminated him in retaliation for requesting medical leave. The district court found, and the Sixth Circuit affirmed, that the plaintiff stated a *prima facie* case of retaliation under the FMLA. *Skrjanc*, 272 F.3d at 314. The Sixth Circuit emphasized that the plaintiff alleged that "he was discharged in retaliation for *intending* to take his statutorily protected twelve weeks of leave." *Id.* (emphasis in original). The Sixth Circuit found that the right to take medical leave under the FMLA "includes the right to declare an intention to take such leave in the future" and that an employee "come[s] under the protection of the statute" when he "give[s] his employer notice of 'foreseeable leave.'" *Id.* (quoting 29 U.S.C. § 2612(e)). So, because the plaintiff requested foreseeable medical leave, "he availed himself of a protected right under the FMLA" and thus stated a *prima facie* case of retaliation. *Id.*

9

Similarly, Mr. Epperson availed himself of a protected right under the FMLA by requesting foreseeable medical leave. The fact that he later became not entitled to the FMLA leave because he did not submit his medical certification does not change the fact that, under *Pereda* and *Skrjanc*, the request itself constituted statutorily protected activity. So Evonik has not identified a clear error of law that the court committed in relying on *Pereda* and the court finds once again that Mr. Epperson alleged a plausible *prima facie* case of retaliation under the FMLA based on his good faith request for foreseeable medical leave despite his subsequent failure to submit his medical certification.

2. *Pretext*

The court turns next to Evonik's contention that the court erred by finding that Mr. Epperson plausibly alleged pretext for his retaliation claim.

As the court stated in its memorandum opinion, a plaintiff can show that his employer's articulated non-retaliatory reason for terminating him is pretext for retaliation by showing that "the reasons given by the employer were not the real reasons for the adverse employment decision." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006) (quotations and citations omitted). The court relied on this rule in finding that Mr. Epperson sufficiently alleged pretext.

Specifically, the court found that Evonik gave inconsistent reasons for

terminating Mr. Epperson. Though Evonik asserted that it terminated Mr. Epperson for several unexcused absences, the court noted that Evonik also stated in its own document that Mr. Epperson voluntarily resigned.

But the court now recognizes that Evonik's statement that Mr. Epperson voluntarily resigned does not exist in a vacuum. Rather, the context in which Evonik stated that Mr. Epperson voluntarily resigned demonstrates that the company did *not* give inconsistent reasons for terminating Mr. Epperson.

In the separation letter that Evonik sent to Mr. Epperson on December 14, 2017—the document that contained the apparently inconsistent reason for terminating Mr. Epperson—Evonik stated:

> You have now been *absent from work without leave* since November 17, 2017, and your pay ended as of October 30, 2017, which was recorded as your last day worked. Please be advised that *we consider you to have voluntarily resigned* your employment with Evonik Birmingham Labs effective December 14, 2017.

(Doc. 24-9 at 2) (emphasis added).[1]

So, the letter does *not* state that Mr. Epperson actually voluntarily resigned. Rather, the letter states that Evonik *considered* Mr. Epperson's stint of unexcused

---

[1] The court considers the undisputed separation letter without converting the motion for judgment on the pleadings into a motion for summary judgment because the separation letter is central to Mr. Epperson's claim that Evonik terminated him in retaliation for exercising his FMLA rights; after all, the letter is the only source of the supposed plausible inference of retaliation. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (finding that the court may consider documents outside the pleadings without converting the motion for judgment on the pleadings into a motion for summary judgment if the documents are "(1) central to the plaintiff's claim; and (2) undisputed.").

11

absences as a voluntarily resignation; *i.e.*, Evonik terminated him because of his unexcused absences that the company considered amounted to voluntary resignation. Evonik merely expressed its termination of Mr. Epperson for unexcused absences in a different way. Thus, Evonik never gave inconsistent reasons for terminating Mr. Epperson. The court committed a factual error when it found otherwise.

The court ordered Mr. Epperson to show cause why it should not grant Evonik's motion for reconsideration because Evonik appeared to never have given inconsistent reasons for terminating him. In his response to the order to show cause, Mr. Epperson raises several unavailing arguments.

First, Mr. Epperson asserts that the court should deny Evonik's motion for reconsideration because Evonik raises additional arguments not raised in its initial motion for judgment on the pleadings. (Doc. 40 at 4–6). Indeed, a party may not use a motion to reconsider to assert new arguments that should have been raised in the first instance. *Wallace*, 846 F. Supp. 2d at 1248. But Evonik does not raise new arguments; rather, Evonik asserts that the court committed a clear error in its memorandum opinion when it found that Mr. Epperson plausibly alleged pretext. As stated above, this "clear error" argument is appropriate for a motion for reconsideration. *See id.*

Next, Mr. Epperson endorses the court's original and erroneous conclusion

that Evonik gave inconsistent reasons for terminating him and points to the separation letter that states he "voluntarily resigned." (Doc. 40 at 7–9). But the court has explained at length in this memorandum opinion why the "voluntarily resigned" statement is consistent with Evonik's articulated non-retaliatory reason for terminating him. Evonik considered him to have voluntarily resigned because he had several unexcused absences; Evonik never stated that Mr. Epperson actually voluntarily resigned.

Finally, Mr. Epperson argues that the temporal proximity between his request for FMLA leave and termination 27 days later constitutes pretext. (Doc. 40 at 9). The court disagrees. Though a plaintiff can use temporal proximity to show pretext, "'[t]emporal proximity alone does not establish pretext.'" *Knight v. Gen. Telecom, Inc.*, 271 F. Supp. 3d 1264, 1294 n.47 (N.D. Ala. 2017) (quoting *Jackson v. Hennessy Auto*, 190 F. App'x. 765, 768 (11th Cir. 2006)) (citing in turn *Wascura v. City of South Miami*, 257 F.3d 1238, 1244–45 (11th Cir. 2001)). So the 27-day gap between Mr. Epperson's request for FMLA leave and his termination does not by itself cast doubt on Evonik's consistent assertions that it terminated him for his several unexcused absences.

IV. **CONCLUSION**

For the reasons stated above, the court committed a factual error in its memorandum opinion on Evonik's motion for judgment on the pleadings when the

13

court found that Mr. Epperson alleged pretext to state a plausible FMLA retaliation claim. Because the court's erroneous factual conclusion caused the court's legal decision to dispose of Evonik's motion for judgment on the pleadings, justice requires that the court correct its error.

So, by separate order, the court will **GRANT** Evonik's motion to reconsider; **WITHDRAW** the portions of the court's memorandum opinion and order finding that Mr. Epperson plausibly alleged pretext and denying Evonik's motion for judgment on the pleadings as to the retaliation claim; and, for the reasons stated in this memorandum opinion, find that Mr. Epperson has not alleged pretext and has thus failed to state a plausible claim of retaliation under the FMLA.

**DONE** and **ORDERED** this 25th day of November, 2019.

_____
**KARON OWEN BOWDRE**
**CHIEF UNITED STATES DISTRICT JUDGE**